## BRASS GOODS MFG. CO. v. MAX WEISS & SONS, Inc., et al.

District Court, S. D. New York.   September 28, 1927.

Henry C. Townsend, of New York City (Virgil C. Kline, of New York City, of counsel), for plaintiff.

Nelson Littell, of New York City, for defendants.

WINSLOW, District Judge. This action is brought upon Frey patent, No. 1,297,456, issued March 18, 1918, to the plaintiff.

Claims 1 and 3 are relied on, to wit:

"1. In a compression clamp of the character described, the combination with the sheet metal cam and sheet metal operating arm formed in one piece therewith, of a sheet metal strut connecting the cam and arm and consisting of a sheet metal tongue cut out of the portion of sheet metal blank forming one of said members and bent to extend from one to the other."

"3. In a compression clamp of the character described, a sheet metal operating arm and cam connected by a sheet metal strut and all formed out of one piece of sheet metal, said strut extending from the free end of the sheet metal piece near but removed from the free edge of the sheet metal which constitutes the engaging surface of the cam to the operating arm."

The invention is commonly described as a tube compressor. Under the claims, as the court reads them, there are two forms of invention disclosed—one having a tongue or strut extending from the cam to the finger, and the other having the tongue extending from the finger to the cam.

Tube compressors of different styles have

been sold for years, but this particular device, according to the record, has supplanted all other forms of tube compressors manufactured by the plaintiff. Some 75 per cent. or more of the total number of tube compressors sold are supplied by the plaintiff under this patent.

The defendants have manufactured and sold a device substantially the same as the patented device of plaintiff.

In my opinion, the only defense worthy of consideration is the patentability of plaintiff's device. The art indicates that in the prior construction there was a strain between the cam and the approaching finger while in the patentable device under consideration the strain is provided for and sustained by the strut or a tongue cut from the metal and extended at the proper angle so as to form a support for the finger and relieve the strain.

I have examined with care the prior art patents cited by defendants, but I do not find any structure combining the elements of plaintiff's invention. Plaintiff's device has greater strength than its predecessors, and this strength is attained without additional metal and no additional mechanical steps in manufacture. Indeed, it is conceivable that, by reason of the arrangement of the strut or tongue cut out of the metal, with the additional strength thus provided, even a lighter piece of metal might be used. Its adoption by the trade is evidence of its greater utility. Its imitation by the defendants indicates that they certainly had no doubt about its utility. The combination of greater strength and even a very small saving in metal is a most important element in view of the large numbers of these devices sold. Simplicity, cheapness, utility, and commercial success are persuasive factors with the court.

As to the question of the individual liability of the defendant Max Weiss, the court finds that whatever infringement was made was participated in by him.

Decree for plaintiff.